O’Toole, J.
This matter is before the court on the joint motion of the defendants Suffolk County Sheriffs Department and Suffolk County Commissioners and the trustee defendant City of Boston to disqualify plaintiffs’ counsel, Peter Antell, Esq. (Antell). The moving parties allege that Antell has an impermissible conflict of interest as he formerly served as counsel to the moving parties. For the following reasons, the motion is denied.
BACKGROUND
The present action arises from plaintiffs’ employment by the City of Boston Penal Institutions Department at the Deer Island House of Correction. On March 26, 1990, the Mayor of Boston submitted a proposed amendment of the Suffolk County Classification and Compensation Plan to the Boston City Council which subsequently passed the amendment on December 5, 1990. This amendment, affecting compensation for certain positions, was made expressly retroactive to November 1, 1989. The plaintiffs allege that they have not been paid certain compensation due to them under the amendment.
Pursuant to Section 356 of Chapter 138 of the Acts of 1991, employees of the Penal Institutions Department were transferred from the supervision and control of the City of Boston to the supervision and control of the Suffolk County Sheriffs Department. The City of Boston remains the funding authority for the Penal Institutions Department and the Suffolk County Sheriffs Department.
Antell was employed by the City of Boston as an attorney from September 1, 1985 to March 20, 1990. From November 5, 1986 until March 20, 1990, Antell served as Chief of Litigation for the City of Boston Law Department.
After leaving the employ of the City of Boston, Antell represented the City as special counsel in a variety of matters. He undertook this work pursuant to specific contracts with the City, the last of which expired on June 30, 1993, and involved legal work on two different actions, Handy v. Penal Institutions Commissioner of Boston, 412 Mass. 759 (1992), and Goldman v. City of Boston, Suffolk Superior Court Civil Action No. 87-3462 (Appeals Court, Docket No. 92-P-574, remanded October 20, 1993).
The Handy case, in which Antell represented the former Commissioner of Penal Institutions, Robert Walsh, was settled on September 3, 1992. The Goldman case, an eminent domain matter on which Antell had pursued the City’s appeal, was remanded by the Appeals Court on October 20, 1993.
Antell filed the instant action on November 29, 1993. On December 21, 1993, the moving parties served the present motion to disqualify plaintiffs’ counsel. On December 22, 1993, Antell filed a Notice of Mandatory Withdrawal in the Goldman case because he was still listed as counsel of record. The motion to withdraw was heard on January 18, 1994 and was allowed (Flannery, J.).
DISCUSSION
A. G.L.c. 268A, §§17 & 18.
An attorney serving as a special municipal employee is prohibited from representing clients against the municipality where (1) the matter is one in which he participated as a municipal employee, (2) the matter is, or within one year has been, a subject of the attorney’s official responsibility, or, (3) the matter is pending in the agency in which he serves. G.L.c. 268A, §17.
Similarly, an attorney who is a former municipal employee is prohibited from representing clients other than the municipality
*346 in connection with any particular matter in which the same city ... is a party or has a direct and substantial interest and in which he participated as a municipal employee ... or which was under his official responsibility as a municipal employee . . .
G.L.c. 268A, §18.
In addition, “[a] lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee.” Disciplinary Rule 9-101(B), appearing in S.J.C. Rule 3:07, 382 Mass. 795 (1981).
There is no indication that the subject of the present action was a matter that Antell participated in or had any responsibility for while a city employee. The pay adjustment issue was not proposed by the mayor until after Antell had left the City’s employ. Significantly, the State Ethics Commission advised Antell that his representation in the present action does not offend G.L.c. 268, §18, so that statute should not be a ground for disqualifying Antell.
Furthermore, the compensation plan is completely unrelated to any of Antell’s contract work as special counsel for the City. Therefore, there is also no violation of G.L.c. 268A, §17.
B.Simultaneous Representation
“A law firm that represents client A in the defense of an action may not, at the same time, be counsel for a plaintiff in an action brought against client A, at least without the consent of both clients.” The McCourt Co., Inc. v. FPC Properties, Inc., 386 Mass. 145, 145 (1982). See also Disciplinary Rule 5-101, appearing in S.J.C. Rule 3:07, 382 Mass. 779 (1981). However, there may be certain limited instances where such simultaneous representation is allowed. See Masiello v. Perini Corp., 394 Mass. 842, 845-47 (1985) (no conflict where attorney reasonably believed second claim could be amicably settled, took very little action in second claim, and withdrew as soon as possibility of conflict became clear).
At the time Antell commenced the present action, his contract with the City regarding the Goldman case had expired some five months previously. It appears that the City had not retained Antell to represent it in the Goldman case after remand, even though he continued to be listed as one of the counsel of record. Once he became aware of the possibility of a conflict, however, he immediately sought to withdraw from the Goldman action. Accordingly, there existed no active or substantial simultaneous representation requiring his disqualification here.
C.Subsequent Representation
An attorney shall not knowingly “(u]se a confidence or secret of his client to the disadvantage of the client.” Disciplinary Rule 4-101(B)(2), appearing in S.J.C. Rule 3:07, 382 Mass. 778 (1981). These confidences must be maintained even after the representation ends and, therefore, conflicts may arise where an attorney represents a current client whose interests conflict with those of a former client. Masiello v. Perini Corp., 394 Mass. 842, 847 (1985). “[A] court must attempt to prevent confidential information that might have been gained in the first representation from being used to the detriment of the former client in the subsequent action." Id. at 848, quoting Realco Servs., Inc. v. Holt, 479 F.Supp. 867, 871 (E.D. Pa 1979). “(W]here the judge determines that there exist no confidences from the first representation which would be relevant to the second, disqualification is unnecessary.” Id. at 848.
In the present action, the moving parties’ rather vaguely suggest that Antell is in possession of confidential information which could now be used to their detriment, but there is no concrete support offered for this fear. Rather, they generally assert that Antell had previously been involved in litigation that dealt with the Ciiy and, more specifically, the Penal Institutions Department. But there is no evidence that Antell possesses any information relevant to the specific legislation at issue in the present action. In fact, as noted previously, the legislation was not even proposed until after Antell had left his position with the City’s law department.
D.Appearance of Impropriety
“A lawyer should avoid even the appearance of professional impropriety.” Canon 9, appearing in S.J.C. Rule 3:07, 382 Mass. 795 (1981). However, “Canon 9 should not be read to alter the ‘delicate balance’ created by the other canons between a client’s right to counsel of his choice and the maintenance of professional standards.” Wellman v. Willis, 400 Mass. 494, 503 (1987). In addition, “(i]f Canon 9 is the only disqualification consideration, generally it is simply too weak and too slender a reed on which to rest a disqualification order.” Id. The moving parties have failed to show that there are any other grounds upon which to justify Antell’s disqualification: it cannot rest upon Canon 9 alone.
ORDER
For the foregoing reasons, it is hereby ORDERED that the motion of the defendants, Suffolk County Sheriffs Department and Suffolk County Commissioners, and the trustee, the City of Boston, to disqualify plaintiffs’ counsel is DENIED.